The chancellor decided in this case that to authorize the appointment of a guardian ad litem of an infant defendant, by an order of course, upon the certificate of a vice-chancellor or special master, under the 146th Buie, the petition should distinctly show an authority to make the appointment on the ground that the infant had been served with process to appear in the suit, or that, lie had been proceeded against as an absentee, and an order obtained for his appearance, under the statute. That persons having adverse or conflicting interests in reference to the subject-matter of litigation ought not to join as complainants in the suit. And that where a bill is filed by the husband in the name of himself and wife, it is considered the bill of the husband merely; so that the decree made in such suit is not binding upon the wife in any future litigation. That for that reason, where a bill is filed by the husband and wife in respect to her separate estate, in which the husband has no interest, the defendant, if he thinks proper to do so, may insist that the wife shall * prosecute in her own name, by her next friend, so that the defendant may not be subjected to the expense of a double litigation; and that the husband, instead of being a co-complainant, shall be made a defendant in such suit. And that if the husband seeks to deprive his wife of an estate held in trust for her separate use, he cannot obtain a decree' for that purpose by joining her as a complainant with himself in his suit against her trustees, but should make her a party defendantin such suit. The guardian appointed by the master discharged; and the guardian ad litem appointed by the special order of the court to be permitted to put in a new answer within the usual time.